UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Denson Rawlings, Plaintiff, | ) | C/A No. 6:11-2519-HFF-KFM |
| v. | ) | **REPORT OF MAGISTRATE JUDGE** |
| Cletus Croft; MCF Construction, Defendants. | ) | |

## **Background**

This *pro se* Plaintiff is incarcerated in the Greenwood County Detention Center in Greenwood, South Carolina. He brings suit against Cletus Croft of Pelzer, South Carolina, his alleged former employer. Plaintiff alleges that Croft is employed with MCF Construction in Mauldin, South Carolina, and that Croft hired him to work on a construction job in Laurens, South Carolina, in April of 2011. Plaintiff alleges that he worked for $10.00 per hour and that he is still owed $630.00 for his work as a foreman of the concrete crew. Plaintiff alleges that he drove 60 miles round-trip from Greenwood to Laurens to work on the job, and that while Croft did pay him for some of his work and gave him some money for gas, he still owes him the additional money. Plaintiff alleges that he repeatedly called Croft in an attempt to be paid the $630.00 he is owed, but Croft gave Plaintiff the run-around, did not pay him, and changed his phone number. In addition to the $630.00, Plaintiff seeks $5,000.00 for pain and suffering due to the aggravation of calling Croft and enduring Croft's lying.

**Discussion**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) and (e) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). *See also Liberty Univ. v. Geithner,* No. 10-2347, 2011 WL 3962915, at *4 (4th Cir. Sept. 8, 2011) (discussing a federal court's independent obligation to examine its subject matter jurisdiction). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394,

399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" *Id.* If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

In this case, Plaintiff's alleged facts seem to raise state law claims for breach of contract and fraud, or perhaps a statutory claim pursuant to the South Carolina Payment of Wages Act. *See* S.C. Code Ann. § 41-10-80(C) (providing that for failure to pay wages due an employee, the employee may bring a civil action to recover an amount equal to three times the full amount of unpaid wages). A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Central West Virginia Energy Co. v. Mountain State*

*Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000.00. *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Plaintiff's allegations indicate that Plaintiff and both defendants are domiciled in South Carolina; thus, complete diversity is lacking. Moreover, Plaintiff does not allege a sufficient amount in controversy because Plaintiff seeks approximately $5630.00, plus the expenses of the lawsuit. Accordingly, this Court has no diversity jurisdiction over this action.[1]

Of course, if a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). Here, Plaintiff does not allege a violation of the United States Constitution or any federal law, so no federal question jurisdiction over this action exists.

---

[1] Notably, Plaintiff is not without a judicial remedy. He may bring suit against the defendants in a South Carolina court.

**Recommendation**

It is recommended that the District Court dismiss this action *without prejudice* based on lack of subject matter jurisdiction. Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

September 27, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).